427 So.2d 143 (1983)
Sahid BAHAKEL
v.
CITY OF BIRMINGHAM, et al.
81-578.
Supreme Court of Alabama.
February 18, 1983.
*144 Alfred Bahakel, Birmingham, for appellant.
Herbert Jenkins, Jr., Birmingham, for appellees.
ADAMS, Justice.
This appeal involves an action for an unlawful arrest. Sahid Bahakel (plaintiff), sued the City of Birmingham (city); Franklin Tate (Tate); and Marva Gibbs (Gibbs). The city and Tate moved to dismiss pursuant to Rule 12(b)(6), Alabama Rules of Civil Procedure, contending that the complaint failed to state a claim upon which relief could be granted. The Circuit Court for Jefferson County agreed, and dismissed plaintiff's action as to the city and Tate. It also entered final judgment under Rule 54(b), A.R.C.P., as to those defendants. Plaintiff then appealed.
The dispositive issue is: Did the trial court properly conclude, taking the allegations of the complaint most strongly in plaintiff's favor, that plaintiff could not prove any set of facts entitling him to relief? We hold that the trial court properly dismissed plaintiff's complaint as to the city, but that it erred by including Tate in its dismissal. Therefore, we affirm in part, reverse in part, and remand.
In his complaint, plaintiff alleges that he was arrested on September 14, 1981, in the City of Birmingham. The arrest was for allegedly violating Birmingham, Ala., Code § 11-G-38(a) (presenting a firearm at another). Plaintiff made bond and later stood trial. He was found not guilty. Plaintiff alleges that the charge filed against him was false, and that, as a result, he suffered humiliation, embarrassment, inconvenience, mental pain and anguish, and damage to his reputation. He seeks compensatory and punitive damages in the amount of $75,000.00.
The city contends that dismissal was proper, arguing that it cannot be sued for malicious prosecution under Code 1975, § 11-47-190. Defendant Tate contends that, as the magistrate who issued the warrant, he enjoys judicial immunity, and that he too cannot be sued. No dismissal was requested by defendant Gibbs. She, apparently, is the person who procured the warrant for plaintiff's arrest.
Our standard of review of a dismissal pursuant to Rule 12(b)(6), A.R.C.P., is as follows:
The well-understood position of an appellate court reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief. Rule 12, ARCP, and commentary.
Duncan v. State, 394 So.2d 930 at 932 (Ala. 1981).
We also find another principle, pertaining to Rule 12(b)(6), applicable to this appeal. That is: "Matters outside the pleadings should never be considered in deciding whether to grant a 12(b)(6) motion." Hales v. First National Bank of Mobile, 380 So.2d 797 at 800 (Ala.1980). In accordance with this principle, under the posture of this case, we cannot consider the references and arguments of both parties to facts beyond the complaint.
*145 Applying the above principles, we find that the trial court properly granted the city's motion to dismiss. "A municipality is not responsible for the acts of its officers, agents, or servants in making false arrests or for instituting a malicious prosecution." Neighbors v. City of Birmingham, 384 So.2d 113 (Ala.1980). Plaintiff, nevertheless, argues that his action against the city can be maintained. He contends that even if the city is not liable under a malicious prosecution suit, the allegations of negligence in his complaint serve to provide a basis for asserting liability. The liability of municipal employees is statutorily based in what is now Code 1975, § 11-47-190, as recognized in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975). That statute "limits the liability of municipalities to injuries suffered through `neglect, carelessness or unskillfulness.'" Neighbors v. City of Birmingham, at 114 (quoting now § 11-47-190). Whether plaintiff can maintain a negligence-based action for an unlawful arrest and thereby circumvent the principle that a municipality is not liable for false arrests or malicious prosecutions, is a question we need not answer. Plaintiff's argument, in effect, asserts a claim for recovery under a theory that can only be called "negligent prosecution." That theory does not present a cognizable tort claim. We have found no Alabama cases, and plaintiff has cited none, recognizing it. Neither does plaintiff explain, with supporting persuasive authority, why we should accept his negligence-based theory of recovery under his cause of action. Plaintiff's argument, therefore, is inadequate to invoke our review of this issue. Rule 28(a)(5), Alabama Rules of Appellate Procedure. Because we can discern no set of facts, under a cognizable theory of recovery, that would entitle plaintiff to the relief demanded, we affirm the judgment of the trial court insofar as it granted the city's motion to dismiss.
Next, we consider the propriety of the trial court's dismissing Tate from plaintiff's action. Here, the trial court erred. We cannot say, reviewing the allegations of the complaint most strongly in plaintiff's favor, that he could not prove a set of facts entitling him to relief against Tate. The parties devote much of their written arguments to the issue of whether Tate, as a magistrate, enjoys judicial immunity for any wrongful act in issuing an arrest warrant for plaintiff. These arguments are premature. No facts have been developed in the trial court to allow the doctrine of judicial immunity to be applied.[1] Assuming the doctrine applies, we note that various exceptions exist to it. The case of Broom v. Douglass, 175 Ala. 268, 57 So. 860 (1912), provides many examples of the exceptions which exist, of which we note only the following as a means of illustration:
If a magistrate should, of his own motion, without oath or complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by a suit against such officer. It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offenses; for the conclusive reply would be that this particular case was not, by any form of proceeding, put under his authority.
... Where the judge is called upon by the facts before him to decide whether his authority extends over the matter, such an act is a judicial act, and such officer is not liable in a suit to the person affected by his decision, whether such decision be right or wrong. But when no facts are present, or only such facts as have neither legal value nor color of legal value in the affair, then, in that event, for the magistrate to take jurisdiction is not, in any manner, the performance of a judicial act, but simply the commission of an unofficial wrong. This criterion seems *146 a reasonable one; it protects a judge against the consequences of every error of judgment, but it leaves him answerable for the commission of wrong that is practically willful; such protection is necessary to the independence and usefulness of the judicial officer, and such responsibility is important to guard the citizen against official oppression.
Broom v. Douglass, 175 Ala. at 277-8, 57 So. at 863-4, quoting with approval Grove v. Van Duyn, 44 N.J., Law. 654, 43 Am.Rep. 412().
As the preceding quotation illustrates, judicial immunity is not always carte blanche. In some situations it has a limited scope of operation. Whether it would apply to insulate Tate from liability, we have no way of deciding under the posture of this case. Necessary facts must be developed before that determination can be made. Therefore, the trial court's judgment, insofar as it granted Tate's motion to dismiss, is hereby reversed and remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
EMBRY, J., concurs.
MADDOX, FAULKNER, JONES and SHORES, JJ., concur specially.
TORBERT, C.J., and ALMON and BEATTY, JJ., concur in part, dissent in part.
SHORES, Justice (concurring specially):
I concur in the decision to affirm the trial court's judgment in granting the motion to dismiss as to the City of Birmingham. I also concur in the decision to reverse the judgment as to defendant Tate, only because it came perhaps too soon, based as it was on the pleading. I would simply emphasize that Tate, as the magistrate who issued the warrant, does enjoy judicial immunity "against the consequence of every error of judgment," Broom v. Douglass, supra, and can be held liable only if the plaintiff shows the commission of some willful and intentional wrong apart from his official duties.
MADDOX, FAULKNER and JONES, JJ., concur.
TORBERT, Chief Justice (concurring in part and dissenting in part).
I agree with that portion of the opinion which affirms the judgment granting the motion to dismiss as to the City of Birmingham. I disagree with the majority's decision to reverse the trial court's judgment granting the motion to dismiss filed by the defendant Franklin Tate because I view the matter as a summary judgment in favor of Tate, and find no genuine issue of a material fact. Therefore, I dissent as to this aspect of the appeal.
Sahid Bahakel, the plaintiff, filed a one-count complaint, stating his claim for damages as follows:
"On or about the 14th day of September, 1981 the Defendant's [sic] illegally, maliciously, negligently and/or wantonly and without legal justification therefor caused, procured and/or issued a warrant for the arrest of Plaintiff for the violation of 11-6-38(A) of the criminal ordinances of the code of the City of Birmingham causing him to be arrested and falsely and illegally taken into custody by the City of Birmingham. Said Plaintiff was caused to have to make a bond pending a criminal trial to keep from being placed within jail.
"Plaintiff was caused to hire an attorney to represent him in the criminal trial of violation of the above ordinance and was caused to be made to appear at said trial under threat of imprisonment. All of the charges against plaintiff were false and plaintiff was found to be innocent or not guilty by the court trying the case."
In response to the complaint, Tate filed what is designated as a "motion to dismiss," in which he alleged that the complaint failed to state a claim upon which relief can be granted, and in addition defendant alleged that he "is a magistrate of the municipal court of the city of Birmingham and as such has judicial immunity." His motion contained this further statement: "Affidavit of Franklin Tate is attached hereto and *147 made a part of this motion." Tate's affidavit, which is not controverted by plaintiff, stated that he was a magistrate of the municipal court of Birmingham, and that in his judicial capacity as a magistrate of that court, he issued a warrant for the arrest of Sahid Bahakel, based upon the affidavit of Marva Gibbs. Copies of Mrs. Gibbs's affidavit and the warrant were attached to Tate's affidavit. Her affidavit alleged that she had probable cause for believing, and did believe, that Sahid Bahakel unlawfully presented a firearm in violation of § 11-6-38(A) of the 1980 General Code of the City of Birmingham. The affidavit of Gibbs was dated September 14, 1981, and was sworn before Franklin Tate, as magistrate. The warrant was served September 16, 1981. Tate's motion to dismiss was argued and submitted on January 6, 1982, and was granted by the presiding judge of the circuit court of Jefferson County. Tate was dismissed as a party defendant on January 8, 1982. On February 19, 1982, plaintiff, Sahid Bahakel, by and through his attorney, Alfred Bahakel, filed a motion to set aside the dismissal on the grounds that the motion to dismiss failed to address the claims for negligence or wantonness, which are specifically allowed under the provisions of Code 1975, § 11-47-190. On March 2, 1982, the motion to set aside the dismissal was overruled. Plaintiff timely filed notice of appeal.
Rule 12(b), A.R.Civ.P., provides in pertinent part:
"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. ..."
Although the trial court's order recited that Tate's motion, designated as a motion to dismiss, was granted, Rule 12(b) clearly provides that when matters outside the pleadings are not excluded by the court, the motion shall be treated as a motion for summary judgment. It is my view, and thus the reason for my disagreement with the majority, that the legal effect of the trial court's action was the grant of a summary judgment. The response of the defendant Franklin Tate included his own affidavit, as well as the affidavit of Marva Gibbs, neither of which was controverted or disputed by plaintiff. My review of this record reveals the following undisputed facts: Marva Gibbs mistakenly believed that the plaintiff was the person who presented a firearm to her in violation of the Birmingham Code; she went to the city magistrate, Tate, and she executed an affidavit which charged plaintiff with an act which appeared to be a violation of the applicable Code section; and defendant magistrate Tate issued a warrant for the arrest of plaintiff, who was arrested, but later exonerated of the criminal charges. Although there are additional facts alluded to in the brief of appellant, the record, including the pleadings referred to above, shows only the matters summarized above.
While it is indeed unfortunate that Mrs. Gibbs charged the wrong person with the offense, I cannot find any issue as to a material fact which would impose liability upon a city magistrate who issued a warrant based upon the affidavit of Mrs. Gibbs. The incident leading to the arrest of plaintiff occurred in the City of Birmingham, Franklin Tate was a judicial officer in his capacity as a city magistrate, and clearly had the right, as well as the duty, to issue a warrant of arrest under the sworn allegations of the affidavit of Marva Gibbs.
I have been unable to find any cases applying the doctrine of judicial immunity to magistrates. However, in Broom v. Douglass, 175 Ala. 268, 57 So. 860 (1912), this Court considered the liability of a justice of the peace for issuing a warrant on the affidavit of a third party which did not charge a criminal offense. The court in Broom stated:
"[W]e are of the opinion that the affidavit made before the defendant as a justice of the peace, though wholly insufficient to charge any criminal offense, or to justify the issuance of the warrant of arrest, nevertheless was clearly an attempt *148 to charge a threatened criminal trespass on affiant's land. And, stating facts which were elements of that offense, and of legal significance and value in its proof, a colorable case was presented which fairly invoked the justice's judgment as to their sufficiency for the purpose intended. The issuance of the warrant was therefore a judicial act, involving his inquiry and affirmative conclusion as to his power and authority to do so, for which he cannot be held liable, if he acted in good faith."
175 Ala. at 283, 57 So. at 865.
The theory and reason behind the doctrine of judicial immunity has been explained as follows:
"Whenever the state confers judicial powers upon an individual, it confers therewith full immunity from private suits. In effect the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in a faithful discharge of them, he shall be called to account as a criminal; but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages."
Coleman v. Roberts, 113 Ala. 323, 329, 21 So. 449, 450 (1896), quoting Cooley on Torts, 408.
It is my opinion that the justification for the doctrine of judicial immunity applies as well to magistrates acting in a judicial capacity. Evidence in the record reflects that Tate was acting in a judicial capacity as magistrate when he issued the warrant based on the affidavit of Mrs. Gibbs. For this reason, I would affirm the trial court's holding.
ALMON and BEATTY, JJ., concur.
NOTES
[1] The parties have cited no cases, and we have found none, applying the doctrine of judicial immunity to magistrates whose positions are created and governed by Code 1975, § 12-17-250 et seq., and Rule 18, Alabama Rules of Judicial Administration. In this opinion, we make no decision as to the extent, if any, that the doctrine applies to such magistrates.