This appeal involves an action for an unlawful arrest. Sahid Bahakel (plaintiff), sued the City of Birmingham (city); Franklin Tate (Tate); and Marva Gibbs (Gibbs). The city and Tate moved to dismiss pursuant to Rule 12 (b)(6), Alabama Rules of Civil Procedure, contending that the complaint failed to state a claim upon which relief could be granted. The Circuit Court for Jefferson County agreed, and dismissed plaintiff's action as to the city and Tate. It also entered final judgment under Rule 54 (b), A.R.C.P., as to those defendants. Plaintiff then appealed.
The dispositive issue is: Did the trial court properly conclude, taking the allegations of the complaint most strongly in plaintiff's favor, that plaintiff could not prove any set of facts entitling him to relief? We hold that the trial court properly dismissed plaintiff's complaint as to the city, but that it erred by including Tate in its dismissal. Therefore, we affirm in part, reverse in part, and remand.
In his complaint, plaintiff alleges that he was arrested on September 14, 1981, in the City of Birmingham. The arrest was for allegedly violating Birmingham, Ala., Code § 11-G-38 (a) (presenting a firearm at another). Plaintiff made bond and later stood trial. He was found not guilty. Plaintiff alleges that the charge filed against him was false, and that, as a result, he suffered humiliation, embarrassment, inconvenience, mental pain and anguish, and damage to his reputation. He seeks compensatory and punitive damages in the amount of $75,000.00.
The city contends that dismissal was proper, arguing that it cannot be sued for malicious prosecution under Code 1975, §11-47-190. Defendant Tate contends that, as the magistrate who issued the warrant, he enjoys judicial immunity, and that he too cannot be sued. No dismissal was requested by defendant Gibbs. She, apparently, is the person who procured the warrant for plaintiff's arrest.
Our standard of review of a dismissal pursuant to Rule 12 (b)(6), A.R.C.P., is as follows:
 The well-understood position of an appellate court reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief. Rule 12, ARCP, and commentary.
Duncan v. State, 394 So.2d 930 at 932 (Ala. 1981).
We also find another principle, pertaining to Rule 12 (b)(6), applicable to this appeal. That is: "Matters outside the pleadings should never be considered in deciding whether to grant a 12 (b)(6) motion." Hales v. First National Bank ofMobile, 380 So.2d 797 at 800 (Ala. 1980). In accordance with this principle, under the posture of this case, we cannot consider the references and arguments of both parties to facts beyond the complaint. *Page 145 
Applying the above principles, we find that the trial court properly granted the city's motion to dismiss. "A municipality is not responsible for the acts of its officers, agents, or servants in making false arrests or for instituting a malicious prosecution." Neighbors v. City of Birmingham, 384 So.2d 113
(Ala. 1980). Plaintiff, nevertheless, argues that his action against the city can be maintained. He contends that even if the city is not liable under a malicious prosecution suit, the allegations of negligence in his complaint serve to provide a basis for asserting liability. The liability of municipal employees is statutorily based in what is now Code 1975, §11-47-190, as recognized in Jackson v. City of Florence,294 Ala. 592, 320 So.2d 68 (1975). That statute "limits the liability of municipalities to injuries suffered through `neglect, carelessness or unskillfulness.'" Neighbors v. Cityof Birmingham, at 114 (quoting now § 11-47-190). Whether plaintiff can maintain a negligence-based action for an unlawful arrest and thereby circumvent the principle that a municipality is not liable for false arrests or malicious prosecutions, is a question we need not answer. Plaintiff's argument, in effect, asserts a claim for recovery under a theory that can only be called "negligent prosecution." That theory does not present a cognizable tort claim. We have found no Alabama cases, and plaintiff has cited none, recognizing it. Neither does plaintiff explain, with supporting persuasive authority, why we should accept his negligence-based theory of recovery under his cause of action. Plaintiff's argument, therefore, is inadequate to invoke our review of this issue. Rule 28 (a)(5), Alabama Rules of Appellate Procedure. Because we can discern no set of facts, under a cognizable theory of recovery, that would entitle plaintiff to the relief demanded, we affirm the judgment of the trial court insofar as it granted the city's motion to dismiss.
Next, we consider the propriety of the trial court's dismissing Tate from plaintiff's action. Here, the trial court erred. We cannot say, reviewing the allegations of the complaint most strongly in plaintiff's favor, that he could not prove a set of facts entitling him to relief against Tate. The parties devote much of their written arguments to the issue of whether Tate, as a magistrate, enjoys judicial immunity for any wrongful act in issuing an arrest warrant for plaintiff. These arguments are premature. No facts have been developed in the trial court to allow the doctrine of judicial immunity to be applied.[1] Assuming the doctrine applies, we note that various exceptions exist to it. The case of Broom v. Douglass, 175 Ala. 268,57 So. 860 (1912), provides many examples of the exceptions which exist, of which we note only the following as a means of illustration:
 If a magistrate should, of his own motion, without oath or complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by a suit against such officer. It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offenses; for the conclusive reply would be that this particular case was not, by any form of proceeding, put under his authority.
 . . . Where the judge is called upon by the facts before him to decide whether his authority extends over the matter, such an act is a judicial act, and such officer is not liable in a suit to the person affected by his decision, whether such decision be right or wrong. But when no facts are present, or only such facts as have neither legal value nor color of legal value in the affair, then, in that event, for the magistrate to take jurisdiction is not, in any manner, the performance of a judicial act, but simply the commission of an unofficial wrong. This criterion seems *Page 146 
a reasonable one; it protects a judge against the consequences of every error of judgment, but it leaves him answerable for the commission of wrong that is practically willful; such protection is necessary to the independence and usefulness of the judicial officer, and such responsibility is important to guard the citizen against official oppression.
Broom v. Douglass, 175 Ala. at 277-8, 57 So. at 863-4, quoting with approval Grove v. Van Duyn, 44 N.J., Law. 654, 43 Am.Rep. 412 ( ).
As the preceding quotation illustrates, judicial immunity is not always carte blanche. In some situations it has a limited scope of operation. Whether it would apply to insulate Tate from liability, we have no way of deciding under the posture of this case. Necessary facts must be developed before that determination can be made. Therefore, the trial court's judgment, insofar as it granted Tate's motion to dismiss, is hereby reversed and remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
EMBRY, J., concurs.
MADDOX, FAULKNER, JONES and SHORES, JJ., concur specially.
TORBERT, C.J., and ALMON and BEATTY, JJ., concur in part, dissent in part.
[1] The parties have cited no cases, and we have found none, applying the doctrine of judicial immunity to magistrates whose positions are created and governed by Code 1975, § 12-17-250 etseq., and Rule 18, Alabama Rules of Judicial Administration. In this opinion, we make no decision as to the extent, if any, that the doctrine applies to such magistrates.