This appeal arose from an action for unlawful arrest brought by Sahid Bahakel against the City of Birmingham, city magistrate Franklin Tate, and Marva Gibbs.
On September 14, 1981, Tate, in his capacity as a magistrate of the City of Birmingham, received a complaint from Marva Gibbs. Gibbs requested a warrant for the arrest of a person who she alleged had presented a pistol at her. Gibbs provided Tate with a tag number of the vehicle which she claimed was driven by the gunman. She also told Tate that a police officer investigating the incident had informed her that the car was registered to Bahakel.
Based on this information, Tate issued a warrant for Bahakel's arrest. Bahakel was placed under arrest and was required to post bond to secure his appearance in court. Two weeks later, the charges were dismissed.
Bahakel's complaint alleges that he was "illegally, maliciously, negligently, and/or wantonly" arrested. His complaint against Tate and the City of Birmingham was dismissed, and this Court affirmed that dismissal as to the City of Birmingham, in Bahakel v. City of Birmingham,427 So.2d 143 (Ala. 1983). In that prior appeal, we reversed the trial court's dismissal of Magistrate Tate and remanded. The trial court has now granted summary judgment for Tate. Defendant Gibbs has not moved for dismissal or summary judgment. Therefore, we are concerned on this appeal only with the trial court's summary judgment for Tate, rendered after remand and made final pursuant to Rule 54(b), A.R.Civ.P.
The issue is whether Tate is shielded from liability by judicial immunity. Magistrates are "vested with judicial power reasonably incident to the accomplishment of the purposes" for which the position of magistrate is created, Code 1975, §12-14-50. One of the powers of magistrates is to issue arrest warrants. § 12-14-51.
In the prior appeal of this case, six members of this Court voted to reverse the portion of the judgment dismissing the claim against Tate. The two Justices joining the main opinion reserved the question of whether judicial immunity would apply to magistrates, but the four Justices concurring specially and the three dissenting from that portion of the opinion accepted the proposition that Tate would be immune from civil suit "and [could] be held liable only if the plaintiff show[ed] the commission of some willful and intentional wrong apart from his official duties." 427 So.2d at 146 (Shores, J., concurring specially). The cause was remanded for a further factual determination.
The dissenting Justices thought the judgment should be upheld because the legal effect of the trial court's consideration of matters outside the pleadings was to convert the Rule 12(b)(6) motion to dismiss into a motion for summary judgment. Certainly, the reasons the Chief Justice set forth in the dissent as supporting summary judgment then are appropriate now. See Bahakel, supra, at 146-48. He compared this case to an earlier case which was factually similar, but which involved a justice of the peace. In the earlier case an affidavit made before the justice of the peace was insufficient to charge a criminal offense but was a legitimate attempt to do so. The Court concluded:
 "[S]tating facts which were elements of that offense, and of legal significance and value in its proof, a colorable case was presented which fairly invoked the justice's judgment as to their sufficiency for the purpose intended. The issuance of the warrant was therefore a judicial act, involving his inquiry and affirmative conclusion as to his power and authority to do so, for which he cannot be held liable, if he acted in good faith."
Broom v. Douglass, 175 Ala. 268 at 283, 57 So. 860 at 865 (1912). The Court in Broom *Page 839 
made important distinctions between courts of general jurisdiction and those of limited jurisdiction. For present purposes, the following point is sufficient: if a judge of a court of limited jurisdiction has subject matter jurisdiction and a colorable claim of personal jurisdiction, he is immune so long as he acts in good faith.
The differences between the facts in Broom and those in this case are minor. In Broom, a justice of the peace issued the warrant, while here it was a magistrate. In Broom the facts presented were insufficient to support the crime charged; here the elements of the offense were sufficiently alleged, but the wrong party was charged.
According to the undisputed facts, Magistrate Tate received Marva Gibbs in his office and heard her statements reciting facts sufficient to constitute the crime of presenting a firearm at another, an offense within his jurisdiction. She swore to these facts by affidavit so as to procure a warrant. The materials submitted on the summary judgment motion indicate that Tate pointed out to Gibbs that someone other than Bahakel could have been driving the car, but that she was insistent that he be arrested. Tate's affidavit states that he issued the warrant because "I deemed it probable that the owner was the driver." Bahakel has presented nothing to overcome the presumption of good faith incident to judicial action, seeBroom, supra, and so the summary judgment is due to be affirmed. The facts do not leave room to question that Magistrate Tate was acting with judicial authority, and he is, therefore, immune from suit.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.