Everett L. Almon appeals, pro se, from the trial court's dismissal of his claim alleging that Randy Battles, in his capacity as Hanceville municipal court judge; Jack C. Riley, in his capacity as a Cullman County circuit court judge; and Wayne Fuller, in his capacity as Hanceville city prosecutor, violated his civil rights and criminally conspired to commit extortion against him. Almon sought relief under 42 U.S.C. § 1983, 1985, and 1986.
Subsequent to his arrest for three traffic violations in Hanceville, Almon subpoened 23 witnesses (including the mayor of Hanceville, the clerk of the Cullman Municipal Court, the clerk of the Cullman County District Court, the clerk of the Cullman County Circuit Court, the district court judge of Cullman County, the circuit judges of Cullman County, and the sheriff of Cullman County) to appear in the Hanceville municipal court on his court date, June 1, 1989. Fuller moved to quash the subpoenas; Battles, after a hearing, determined that none of the 23 witnesses were "fact" witnesses, and limited Almon to subpoenas for three character witnesses.
Almon then filed a complaint in Cullman Circuit Court, alleging that he was entitled to recover damages from Battles pursuant to 42 U.S.C. § 1983, and that he was entitled to recover damages from Battles and Fuller pursuant to 42 U.S.C. § 1985. Judge Riley, having drawn the case by hidden number, granted Battles's and Fuller's motions for summary judgment; after failing to perfect an appeal from Judge Riley's order, however, Almon filed a second complaint in circuit court, adding Judge Riley and the City of Hanceville as defendants (in addition to Battles and Fuller) and demanding damages for criminal conspiracy to extort and for violation of his civil rights, pursuant to 42 U.S.C. § 1983, 1985, and 1986. The second complaint was dismissed as to all defendants by Judge Fred Folsom.
The issue for our review is whether the trial court abused its discretion in dismissing Almon's second complaint. The first complaint was disposed of by summary judgment for Battles and Fuller, and Almon failed to appeal. In his second circuit court complaint, Almon added Judge Riley and the City of Hanceville as defendants and substantially repeated the allegations stated in the first complaint that Battles, Fuller, and Judge Riley had deprived him of his civil rights and criminally conspired against him.
A plea of res judicata attaches to the merits of a second complaint where it is demonstrated that the parties and the cause of action are identical to those of the first complaint and that the first complaint ended in a final judgment on the merits. See Whisman v. Alabama Power Co., 512 So.2d 78 (Ala. 1987). It is clear from the allegations and substance of both complaints (notwithstanding the addition of a claim under42 U.S.C. § 1986) that Almon (unsuccessful in his first lawsuit) is relitigating the same cause of action in a subsequent lawsuit against the same parties, and, consequently, that his second claim is barred by the judgment on the first. Thus, the trial court did not err in dismissing the complaint against Battles and Fuller. *Page 521 
Further, ". . . a judgment for or against a public officer, in an action brought by or against him in his official capacity, is conclusive on the municipal corporation which he represents, it being the real party in interest, and it is also binding on other officers and agencies of the municipal corporation." 50 C.J.S. Judgments § 796(a), at 337 (1947). Therefore, the City of Hanceville, Battles, and Fuller form a single entity with respect to the application of the rule of res judicata, and the trial court did not err in dismissing the complaint against the City of Hanceville. But inasmuch as Judge Riley was not a party to the first complaint, and the claim against him had not arisen at the time of the first complaint, res judicata does not attach to the allegations of the second complaint against Judge Riley. Thus, the remaining question is whether Judge Riley deprived Almon of his constitutional rights in entering summary judgment for Battles and Fuller on Almon's first complaint.
Immunity is extended to judges upon the theory that society is best served if the judge is left entirely free to act upon his independent convictions, uninfluenced by fear of consequences personal to himself. McGlasker v. Calton,397 F. Supp. 525 (M.D.Ala. 1975), aff'd, 524 F.2d 1230 (5th Cir. 1975). Therefore, a judge who has subject matter jurisdiction and a colorable claim of personal jurisdiction is immune from liability for his judicial acts, so long as he acts in good faith. Bahakel v. Tate, 503 So.2d 837 (Ala. 1987). With no showing of bad faith having been made to impugn Judge Riley's action in entering summary judgment against Almon in the first complaint, we likewise cannot say that the trial court erred in dismissing the complaint against Judge Riley.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.