RICHARD L. HOLMES, Retired Appellate Judge.
In September 1993 Patrick William Masi-sak filed an injunction action in the Circuit Court of Jefferson County.
Masisak sought a preliminary injunction against Judge Joe G. Barnard in connection with a divorce decree entered by Judge Barnard in Rebecca Sparks Masisak v. Patrick William Masisak. Masisak alleged that Judge Barnard erroneously applied the “tender years” doctrine when he entered the divorce decree.
The circuit court declined to issue the preliminary injunction and dismissed the case. The circuit court cited the following as grounds for its decision: Judge Barnard was judicially immune from this suit, and Masisak was using this present action as a substitute for an appeal of the divorce decree entered by Judge Barnard in January 1993.
Masisak appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
The record contains the divorce decree entered in January 1993 and an order entered in July 1993 denying Masisak’s motion to vacate, set aside the divorce decree, and rehear the matter. Both of these documents were signed by Judge Barnard, who was the judge assigned to the divorce case.
It is well settled that a judge is immune from liability for his judicial acts when he has subject matter jurisdiction, has a colorable claim of personal jurisdiction, and has acted in good faith. Almon v. Battles, 541 So.2d 519 (Ala.1989).
Clearly, Judge Barnard had jurisdiction over the parties and the subject matter. There has been no showing of bad faith on the part of Judge Barnard.
Masisak appears to be seeking to enjoin the misapplication of the “tender years” doctrine to his particular ease. However, if Masisak believed that Judge Barnard erroneously applied the law in rendering the divorce decree, then an appeal from the divorce decree would have been the proper remedy. Masisak’s request for injunctive relief is nothing more than an attempt to collaterally attack the judgment in his prior divorce. Cf. Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App.1980).
Consequently, this case is due to be affirmed.
The appellee’s motion for damages pursuant to Rule 38, A.R.A.P., is hereby denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions *2 of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.