L. CHARLES WRIGHT, Retired Appellate Judge.
Edie Houseal died while incarcerated by the City of Gadsden (City).
In 1989 Josephine Hardin, as the personal representative of Houseal’s estate, filed an action in the United States District Court for the Northern District of Alabama. The estate sued the City and a number of City and County officials under 42 U.S.C. § 1983 and the Alabama wrongful death statute. The court entered a summary judgment in favor of most of the individual defendants on the § 1983 claim; the case then went to trial on both claims against the City and the Chief of Police, in his individual capacity, and on the wrongful death claim against the Sheriff and the Chief Jailor.
The jury returned a verdict in favor of the defendants on both counts. The district judge ordered a new trial. In the second trial the jury returned a verdict in favor of the estate. The defendants filed, an appeal with the United States Court of Appeals for the Eleventh Circuit. That court found that the district court erred in ordering a new trial. Hardin v. Hayes, 957 F.2d 845 (11th Cir.1992). It remanded the case to the district judge, with instructions that the jury verdict from the first trial be reinstated.
During the course of discovery in the federal action, the estate requested that the district judge allow the estate to add four City police officers as defendants. The district court denied the request.
In May 1991 the estate filed an action in the Circuit Court of Etowah County against the four City police officers. The complaint alleged that while Houseal was incarcerated, the officers violated her civil rights and committed various torts against her. The estate further asserted a wrongful death claim.
The court, without giving its reasons, entered a summary judgment, eliminating any claims for tort. The wrongful death count and a possible § 1983 count remained pending.
The defendants subsequently filed a motion for a summary judgment, alleging that pursuant to the doctrine of res judicata, the federal proceedings barred any further action in state court. The trial court granted the summary judgment motion. The estate appeals. This case is before us pursuant to § 12-2-7(6), Code 1975.
“The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation.”
Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990) (citations omitted).
The estate asserts that the trial court erred in applying the doctrine of res judicata to the facts of this case because, it says, the defendants in the state action were not parties to the federal action.
In Century 21 Preferred Properties, Inc. v. Alabama Real Estate Comm’n, 401 So.2d 764 (Ala.1981), our supreme court stated the following:
“Judgments can bind persons not party (or privy) to the litigation in question where the nonparties’ interests were represented adequately by a party in the original suit. A person may be bound by a judgment even though not a'party to a suit if one of the parties to the suit is so closely *375 aligned with his interests as to be his virtual representative. Moreover, if a party has ‘a sufficient “laboring oar” in the conduct’ of the litigation, then the principle of res judicata can be actuated.”
(Citations omitted.)
The same causes of action alleged against the four police officers were litigated in the federal action against the City and the Chief of Police. All four defendants in the state action testified in the federal action. The City and the Chief of Police ultimately prevailed in that action.
In Almon v. Battles, 541 So.2d 519 (Ala. 1989), the supreme court determined that a judgment in favor of a public officer, in an action brought against him in his official capacity, is conclusive on the municipal corporation which he represents (the municipal corporation being the real party in interest) and that it is also binding on other officers and agencies of the municipal corporation.
Under the rationale of Almon, we find that the City, the Chief of Police, and the four officers formed “a single entity with respect to the application of the rule of res judicata.” Almon. Therefore, the trial court did not err in entering a summary judgment in favor of the officers.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.