(112 So. 335)

## McCARTER v. CITY OF FLORENCE et al.
### (8 Div. 904.)

Supreme Court of Alabama.    April 14, 1927.

Municipal corporations ⬥⇒747(3)—Municipality is not responsible for acts of officers in making false arrest or for instituting malicious prosecution (Code 1923, § 2029).

Under Code 1923, § 2029, municipality is not responsible for acts of its officers or agents in making false arrests or for instituting malicious prosecution.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Action by W. D. McCarter against the City of Florence, and the Mayor, Commissioners, and Chief of Police thereof, for false imprisonment and malicious prosecution. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 213 Ala. 367, 104 So. 806.

Simpson & Simpson, of Florence, for appellant.

In the exercise of its proprietary functions a municipality is accountable for damages. 28 Cyc. 1257, 1259, 1269; 2 R. C. L. 493; 19 R. C. L. 925, 1081, 1111, 1120. The municipality is liable for damages for false imprisonment. State, Use of McLaurin, v. McDaniel, 78 Miss. 1, 27 So. 994, 50 L. R. A. 118, 84 Am. St. Rep. 618; Gambill v. Schmuck, 131 Ala. 321, 31 So. 604; Scott v. Donald, 165 U. S. 58, 17 S. Ct. 265, 41 L. Ed. 632; 2 R. C. L. 489; 28 Cyc. 1257; Hart v. Bridgeport, 11 Fed. Cas. page 681, No. 6149.

Orlan B. Hill, Jr., and Mitchell & Hughston, all of Florence, for appellees.

The complaint was subject to the demurrer that it stated no cause of action, and the judgment should be affirmed. McCreary v. Jones, 96 Ala. 592, 11 So. 600. The enactment of an ordinance is the action of the governing body of a municipality and for such enactment there can be no liability on the part of the city. Davis v. Montgomery, 51 Ala. 139, 23 Am. Rep. 545; Smoot v. Wetumpka, 24 Ala. 112; Dargan v. Mobile, 31 Ala. 469, 70 Am. Dec. 505.

ANDERSON, C. J. It seems to be well settled by the decisions of this and most of the other states that a municipality is not responsible for the acts of its officers, agents, or servants in making false arrests or for instituting a malicious prosecution. 5 McQuillin on Municipal Corporations, § 2431, and many cases cited in notes 15 and 16, page 5064; Hillman v. City of Anniston, 214 Ala. 522, 108 So. 540, 46 A. L. R. 89; Dargan v. Mobile, 31 Ala. 469, 70 Am. Dec. 505. It has been held that a town was not liable in an action for false imprisonment, either by reason of having adopted an illegal ordinance or because the mayor issued a warrant of arrest under the ordinance, or because the marshal made the arrest. Trammell v. Russellville, 34 Ark. 105, 36 Am. Rep. 1.

We think that section 2029 of the Code of 1923, if making any change in the law as it existed at the time of its enactment, was intended to lessen or limit liability. It certainly does not fix or fasten liability on the city for the false imprisonment or malicious prosecution on the part of its officers or agents. The cases cited by appellant's counsel, Gambill v. Schmuck, 131 Ala. 321, 31 So. 604, and McLaurin v. McDaniel, 78 Miss. 1, 27 So. 994, 50 L. R. A. 118, 84 Am. St. Rep. 618, merely hold that a mayor who causes a party to be arrested and brought before him for an offense, over which he had no jurisdiction, would be liable for false imprisonment. They do not hold, however, that the town of which he was mayor would be liable.

Whether the complaint was subject to other defects raised by the motion to strike or other grounds of demurrer we need not decide, as it was subject to the ground that no cause of action was stated against the city of Florence, and which is sufficient to sustain the action of the trial court. McCreary v. Jones, 96 Ala. 592, 11 So. 600.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.