The dispositive issue in this appeal is whether a municipality can be held liable for malicious prosecution. For the reasons discussed herein, we hold that it cannot.
Appellant Kendall Neighbors was arrested by Birmingham police officers G.R. McCreless and M.E. Curry on March 25, 1978, for the offense of "public drunkenness." He was eventually acquitted of the charge. He subsequently filed a civil suit for malicious prosecution against the City of Birmingham and the police officers. The City moved to dismiss the complaint against it for failure to state a claim upon which relief could be granted. The motion was granted and this appeal followed.
The issue of a city's liability for malicious prosecution was discussed and settled in the 1927 case of McCarter v. City ofFlorence, 216 Ala. 72, 112 So. 335, which held that a municipality is not responsible for the acts of its officers, agents, or servants in making false arrests or for instituting a malicious prosecution. This is consistent with the rule in most jurisdictions. At 57 Am.Jur.2d Municipal, School, andState Tort Liability § 111 (1971), the following appears:
 As a general rule there is no liability on the part of a municipal corporation for wrongful legal proceedings instituted by its officers for its benefit. Ordinarily, the courts have held that there is no liability on the part of a municipal corporation for wrongfully suing out an injunction, even though done maliciously and without probable cause, for wrongful attachment of property, or for malicious prosecution in the enforcement of police ordinances or in civil actions such as suits to enforce collection of taxes. It is generally held that a municipal corporation is not liable for malicious prosecution of criminal actions by its officers. Thus, a municipality cannot be held liable for malicious prosecution because of the conduct of its police officers or employees or members of its legal department in a wrongful arrest and prosecution in their official capacity, for the reason that as a corporate entity a municipality cannot entertain a malicious intent, and for the further reason that the officers in the performance of their duties connected with the preservation of the public peace are not agents of the municipality, even when enforcing its ordinances, but are regarded as acting in the interest of the public in its plan of civil government.
Appellant insists that McCarter v. City of Florence, supra, was overruled by this Court's decision in Jackson v. City ofFlorence, 294 Ala. 592, 320 So.2d 68 (1975), a decision which he contends absolutely abolished governmental immunity in Alabama. We do not agree. Jackson abolished the judicial doctrine of municipal immunity, but recognized ". . . the authority of the legislature to enter the entire field, and further recognize[d] its superior position to provide with proper legislation any limitations or protections it deems necessary *Page 114 
. . .." 294 Ala. 592, at 600, 320 So.2d 68, at 75.
In so holding, Jackson gave effect to former Tit. 37, § 502, now Code 1975, § 11-47-190, a legislative effort to impose liability on municipalities for the negligence of their employees, which had been thwarted by the interpretation placed on it by the courts. That section reads in pertinent part:
 No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty, . . . and whenever the city or town shall be made liable to an action for damages by reason of the unauthorized or wrongful acts or the negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. [Emphasis added.]
Section 11-47-190 remains the pertinent legislative enactment. It limits the liability of municipalities to injuries suffered through "neglect, carelessness or unskillfulness." To construe that language to include an action for malicious prosecution would be to expand the words beyond their normal meaning. This we decline to do.
Appellant argues, however, that the phrase we have quoted must be read in conjunction with the closing sentence of the Code section, which provides that whenever the municipality is made liable for the "unauthorized or wrongful acts or the negligence, carelessness or unskillfulness of any person or corporation," that person or corporation shall also be held liable. Appellant contends that the language, "unauthorized or wrongful act," would include a malicious prosecution. However, under the first sentence of the section, the municipality is not liable until injury has been suffered through "neglect, carelessness or unskillfulness." Appellant's argument is thus circuitous. Until the legislature chooses to expand the liability of municipalities to include damages for malicious prosecution, the rule of McCarter v. City of Florence, supra, based as it is on the language of what is now Code 1975, §11-47-190, remains the law.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.