This is an appeal from a judgment granting the City of Mobile's motion to dismiss Randy Boyette's complaint for unlawful arrest and imprisonment, which alleged negligence on the part of city employees.
Boyette was arrested for first degree assault by a Mobile police officer pursuant to a warrant procured by James E. White, Jr., and issued by a magistrate. This criminal charge was subsequently dismissed, and on August 20, 1982, Boyette filed a civil suit for unlawful arrest and imprisonment, and malicious prosecution against the City of Mobile, James E. White, Jr., and several fictitious parties. The City moved to dismiss the action as to the City, for its failure to state a claim upon which relief *Page 62 
could be granted. Rule 12 (b)(6), A.R.Civ.P. This motion was granted.
Boyette then filed an amended complaint against the same defendants which alleged that his unlawful arrest and imprisonment resulted from "the neglect, carelessness or unskillfulness" of these defendants in investigating the alleged assault upon White. The circuit court again granted a motion to dismiss the complaint as to the City and declared the dismissal a final judgment under Rule 54 (b), A.R.Civ.P. Boyette appeals from this judgment.[1]
The issue presented for review is whether Code 1975, §11-47-190, allows an individual to maintain an action for unlawful arrest and imprisonment against a municipality based upon the alleged negligence of city employees acting within the scope of their employment.
Although § 11-47-190, Code 1975, imposes municipal liability for injuries suffered through "the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty . . .," the viability of municipal immunity from unlawful arrest and malicious prosecution actions remains intact under Alabama law.
In two recent decisions, this Court has refused to expand the scope of this statute to include actions against a municipality for unlawful arrest and malicious prosecution. In the case ofNeighbors v. City of Birmingham, 384 So.2d 113 (Ala. 1980), this Court held that a municipality is not responsible for the acts of its officers, agents, or servants in making unlawful arrests or for instituting a malicious prosecution. And, inBahakel v. City of Birmingham, 427 So.2d 143 (Ala. 1983), this Court declined to recognize a cause of action in which allegations of negligence on the part of city employees were juxtaposed with claims against the municipality for unlawful arrest and malicious prosecution.
The fact that these decisions failed to address the issue of municipal immunity from unlawful imprisonment actions does not detract from their clear precedential value. Because an action for unlawful imprisonment is premised upon the existence of an illegal arrest, see Sokol Bros. Furniture Co. v. Gate, 208 Ala. 107,93 So. 724 (1922), municipal immunity from unlawful arrest actions necessarily implies municipal immunity from unlawful imprisonment actions.
Boyette argues, however, that the Neighbors decision in actuality only granted municipal immunity for malicious prosecution actions, thereby allowing municipal liability for his negligence-based action for unlawful arrest and imprisonment. This argument ignores the clear wording of our holding in the Neighbors case, which granted municipal immunity in actions for unlawful arrest or malicious prosecution.
384 So.2d at 113-14 (citing McCarter v. City of Florence, 216 Ala. 72,112 So. 335 (1927)).
We therefore hold that a municipality has immunity from an action for unlawful arrest and imprisonment alleging negligence on the part of city employees.
The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] The circuit court refused to dismiss either the original or the amended complaint against White. *Page 63