This appeal involves an action for unlawful arrest brought by Carrie S. Gore *Page 164 
against the City of Hoover and Western Supermarkets, Inc. ("Western").
On March 30, 1987, Nancy Vining, in her capacity as a magistrate for the City of Hoover, received a complaint from Sharon Sellers, a representative of Western. Western requested a warrant for the arrest of Carrie J. Gore, alleging that she had presented a worthless check drawn on insufficient funds in violation of Ala. Code 1975, § 13A-9-13.1. Sellers had called the telephone number on the check but the number had been disconnected; she had sent a certified letter to the address on the check, but the letter had been returned "unclaimed."
Vining used computer information available to her and obtained an address for a "Carrie Gore" in Lanett, Alabama. According to Vining, there was no other "Carrie Gore" listed in the computer information. Printed on the check was the name "Carrie J. Gore" and the address "905 Royal Oaks Drive" in Birmingham. Handwritten on the check were the numbers "6/19/63" and "4731237." The Western cashier who took the check apparently wrote the numbers as the date of birth and the driver's license number of the person presenting the check, but the evidence indicates that Sellers did not explain to Vining what the numbers were. From the information on the computer, Vining typed onto an arrest information form the name "Carrie Gore," the date of birth "7/13/41," the address "1309 North 13th Avenue" in Lanett, and the driver's license number "3712583."[1] Vining issued a warrant for the arrest of Carrie Gore in Lanett. The plaintiff, Carrie S. Gore (hereinafter "Gore"), was arrested at that address, but the charges were dropped when it became clear that she was not the person who had presented the check.
On March 3, 1988, Gore filed suit against the City of Hoover and Western, alleging negligence, malicious prosecution, false arrest, and a cause of action under 42 U.S.C. § 1983. On July 8, 1988, the trial court granted Western's motion for summary judgment. On April 12, 1989, the trial court granted the City of Hoover's motion for summary judgment. Western is not a party to this appeal.
Gore argues that Magistrate Vining was negligent, that her negligence caused injury to Gore, and that the negligence occurred while Vining was acting within the line and scope of her authority. Gore concedes that she has no cause of action for false arrest or malicious prosecution, but argues that she can maintain a negligence action because, she says, her injuries were caused by the "neglect, carelessness, or unskillfulness" of the magistrate for the City of Hoover. Gore contends that the warrant for her arrest was wrongfully issued because, she says, the magistrate negligently failed to compare the information on the worthless check with the computer information she had obtained, and she contends that the city should be held liable under the provisions of Ala. Code 1975, § 11-47-190. That statute imposes liability for injuries suffered through "the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty."
The trial court correctly entered summary judgment for the city, however, because Vining was protected by judicial immunity while engaging in the judicial function of issuing warrants.
Bahakel v. City of Birmingham, 427 So.2d 143 (Ala. 1983), involved a very similar action for unlawful arrest against a municipality, a municipal magistrate, and the affiant who procured the plaintiff's arrest warrant (the claim against the affiant was not at issue on the appeal). The lead opinion began, "This appeal involves an action for an unlawful arrest," 427 So.2d at 144, but then disposed of the claim against the city with the following rationale:
 "Whether plaintiff can maintain a negligence-based action for an unlawful arrest and thereby circumvent the principle that a municipality is not liable for false arrests or malicious prosecutions is a *Page 165 
question we need not answer. Plaintiff's argument, in effect, asserts a claim for recovery under a theory that can only be called 'negligent prosecution.' That theory does not present a cognizable tort claim."
427 So.2d at 145. As can be seen from the opinion of Chief Justice Torbert, concurring in part and dissenting in part, the only claim against the city was that the magistrate had negligently accepted the affiant's mistaken identification of Bahakel as the person who had brandished a weapon at her. Thus, the claim against the city was indistinguishable from the claim presented here, and could be described as "negligent misidentification of the plaintiff, leading to issuance by a magistrate of an arrest warrant."
Similarly, the claim in Boyette v. City of Mobile,442 So.2d 61 (Ala. 1983), could be described as "negligent failure to investigate an alleged assault, leading to issuance by a magistrate of an arrest warrant." The three cases are indistinguishable, and this case, like Bahakel and Boyette, should be decided on the principle announced in Neighbors v.City of Birmingham, 384 So.2d 113 (Ala. 1980), that a municipality is immune from suit for false arrest or malicious prosecution, even after Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), overruled the principle of governmental immunity for municipalities.
The Court in Bahakel v. City of Birmingham unanimously agreed that the complaint did not state a claim against the city, although six Justices voted to reverse what they construed to be a Rule 12(b)(6), A.R.Civ.P., dismissal of the complaint as against the magistrate. The Court decided the issue of the magistrate's liability in Bahakel v. Tate, 503 So.2d 837 (Ala. 1987). After noting that seven of the Justices had voted in the previous appeal that Tate, the magistrate, was entitled to limited judicial immunity, the Court affirmed the summary judgment in his favor:
 "[I]f a judge of a court of limited jurisdiction has subject matter jurisdiction and a colorable claim of personal jurisdiction, he is immune so long as he acts in good faith.
". . . .
 ". . . Bahakel has presented nothing to overcome the presumption of good faith incident to judicial action . . ., and so the summary judgment is due to be affirmed. The facts do not leave room to question that Magistrate Tate was acting with judicial authority, and he is, therefore, immune from suit."
503 So.2d at 839 (citation omitted).
The rationale of Neighbors appears to have been that an action will not lie against a municipality for malicious prosecution because such an action requires proof of malice, and § 11-47-190 provides for an action against a municipality for the "neglect, carelessness, or unskillfulness" of its agents, not for their intentional torts: "To construe that language to include an action for malicious prosecution would be to expand the words beyond their normal meaning. This we decline to do." 384 So.2d at 114.
That rationale does not strictly apply to an action for false arrest, at least not one premised on negligence. Thus,Bahakel v. City of Birmingham may have extended the holding ofNeighbors without doing so explicitly. Nevertheless, an action for false arrest does not lie under the facts of this case (and those of Bahakel and Boyette) for the following reasons.
If the magistrate acted merely negligently, then he or she is protected by judicial immunity. The city could be liable only by respondeat superior, and if the agent is not liable, the principal cannot be held liable, either. United Steelworkers ofAmerica v. O'Neal, 437 So.2d 101 (Ala. 1983); Larry TerryContractors, Inc. v. Bogle, 404 So.2d 613 (Ala. 1981). Although those cases, and the ones cited therein, concerned instances in which a jury found the agent not liable, we hold that the same principle should apply here. If the judicial officer cannot be held liable as a matter of public policy for negligent acts, similar considerations of public policy dictate that the municipality *Page 166 
itself cannot be held liable.[2]
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES and ADAMS, JJ., dissent.
[1] A computer printout in the record, which is dated June 17, 1987, gives the name "Carrie S. Gore" along with the other information that Vining retrieved on March 30.
[2] If, on the other hand, the allegation is that the magistrate acted with malice, and so is not entitled to the good faith immunity given to judicial officers of courts of limited jurisdiction, the rationale of Neighbors would apply, precluding liability on the part of the municipality under §11-47-190, because that section imposes liability on the city only for the neglect, carelessness, or unskillfulness of its agents, not for their intentional torts. There is no allegation here that Vining acted with malice.