This is an appeal by the plaintiffs, Ella and Tony Skinner, from a summary judgment in a malicious prosecution action against the police chief of Ashford, Keith Etheridge. We affirm.
The facts leading up to the filing of this action revolve around a warrant obtained by Chief Etheridge for the arrest of the Skinners. That warrant alleged that the Skinners had violated § 12-15-13, Code of Alabama (1975), by willfully aiding and encouraging a minor to become or remain delinquent. The record reveals that Chief Etheridge learned on June 28, 1988, that the minor in question was to be picked up for violation of probation and for running away. Several days later, on July 7, Chief Etheridge learned from the minor's father that the minor was staying with the Skinners and that the father had had contact with him there. On July 8, Chief Etheridge spoke with a police officer who had talked with Mr. Skinner and who had seen the minor with Mr. Skinner in a department store and had also spoken with him. The officer indicated to Chief Etheridge that Skinner had told him that the minor would turn himself in the following day. He did not do so. Chief Etheridge also obtained a copy of a one-way bus ticket purchased in the name of Ella Skinner with a destination of Oakland, California. The bus ticket was paid for by the minor's mother, who resides in Oakland, and was used by the minor to leave the jurisdiction of the juvenile court. Prior to obtaining the warrant, Chief Etheridge discussed all of the above information with an assistant district attorney and with the judge who later issued the warrant for the arrest of the Skinners. Thereafter, the Skinners were arrested, but the charges against them were later dismissed. Subsequently, they filed this action against Chief Etheridge alleging malicious prosecution.
At the outset, we note that malicious prosecution actions are not favored. Eidson v. Olin Corp., 527 So.2d 1283 (Ala. 1988), citing Cutts v. American United Life Insurance Co.,505 So.2d 1211 (Ala. 1987), and Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959).
 "For the trial court to have erred in granting summary judgment for [the defendant] on the malicious prosecution count, there must have been some direct or circumstantial evidence from which the trier of fact could reasonably infer each of the following elements, which comprise a cause of action for malicious prosecution: (1) that a judicial proceeding was initiated by [the defendant] against [the plaintiff], (2) that the judicial proceeding was instituted without probable cause, (3) that the proceedings were instituted by [the defendant] maliciously, (4) that the judicial proceeding had been terminated in favor of [the plaintiff], and (5) that [the plaintiff] suffered damage as a proximate cause of the judicial proceeding. Smith v. Wendy's of the South, Inc., 503 So.2d 843, 844 (Ala. 1987)." *Page 904 
In light of the evidence set out above, we consider it clear that Chief Etheridge had probable cause to seek the warrant. Therefore, discussion of the other elements of an action for malicious prosecution is unnecessary.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.