670 So.2d 848 (1995)
Robert W. FRANKLIN
v.
The CITY OF HUNTSVILLE, a municipal corporation, and Joe Citrano, an individual.
1921463.
Supreme Court of Alabama.
August 4, 1995.
As Modified on Overruling of Application for Rehearing November 22, 1995.
Opinions Dissenting from Denial of Rehearing November 22, 1995.
J. Zach Higgs, Jr. of Higgs, Emerson, & Dezenberg, Huntsville, for appellant.
*849 Mary Ena J. Heath, Asst. City Atty., Huntsville, for appellees.
COOK, Justice.
Robert W. Franklin sued the City of Huntsville and Joe Citrano, a Huntsville police officer, alleging false arrest and/or false imprisonment (count I), malicious prosecution (count II), and assault and battery (count III). The court granted the city's motion to dismiss pursuant to Rule 12(b)(6), Ala.R.Civ.P., as to counts I and II, and it entered a summary judgment for the city as to count III. The court entered a summary judgment for Joe Citrano as to all three counts. Franklin appeals. We affirm in part and reverse in part.
The standard of review applicable to a Rule 12(b)(6) dismissal is set forth in Ex parte City of Birmingham, 624 So.2d 1018, 1020 (Ala.1993), quoting Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala.1991):
"`It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978).
"`Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982).'"
(Emphasis original.)
On review of a summary judgment, the evidence is to be construed in the manner most favorable to the nonmovant, and all doubts are to be resolved against the movant. Motes v. Matthews, 497 So.2d 1121, 1123 (Ala.1986). Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the motion in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala.Code 1975), for actions filed on or after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence rule, the party opposing a properly supported summary judgment motion must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).
Franklin's claims are based on an incident that occurred at Milton Frank Stadium in Huntsville on the night of a high school football game. The record, viewed in the light most favorable to Franklin, indicates the following facts: Franklin arrived at the stadium approximately 15 minutes before the kick-off. After entering the stadium, he stood in front of the bleachers, near the south gate. Officer Citrano instructed Franklin to "Get in the bleachers." Franklin responded by saying that he was waiting on *850 his girlfriend. The officer ignored Franklin's response and again instructed him to get into the bleachers. Apparently this exchange continued a while, and Franklin asked the officer why he needed to get into the bleachers; Citrano answered, "Because I said so." Franklin then asked Citrano, "Who do you think you are?" Citrano grabbed Franklin's arm, twisted it behind his back and pushed him toward the bleachers, then handcuffed him and placed him under arrest. Franklin asked another officer what was going on, and the officer said that he was being arrested for cursing a police officer. Franklin was charged with disorderly conduct. The charge was dismissed after a hearing in the municipal court. During football games at Milton Frank Stadium, the area in front of the stands is chained off and the area is kept clear in order to minimize the potential for fights. Franklin was aware of this procedure, but said that the area was not yet chained off when he arrived and that he did not realize that the chain had been put up after he arrived, until he was arrested.

The Claims Against the City of Huntsville
The City of Huntsville's Rule 12(b)(6) motion to dismiss the malicious prosecution claim for failure to state a claim upon which relief may be granted was properly granted. This Court determined in Neighbors v. City of Birmingham, 384 So.2d 113 (Ala.1980), that a malicious prosecution action cannot lie against a municipality, because a municipality cannot be deemed to act with malice. In Boyette v. City of Mobile, 442 So.2d 61 (Ala.1983), this court held that notwithstanding Ala.Code 1975, § 11-47-190, which imposes municipal liability for injuries suffered through "neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty," a municipality has immunity from actions alleging unlawful arrest and imprisonment based on negligence on the part of city employees acting within the scope of their employment. Although Franklin concedes that the malicious prosecution claim must fail as a matter of law, he contends, relying on Gore v. City of Hoover, 559 So.2d 163 (Ala. 1990), that his false arrest claim is premised on negligence and was not subject to the motion to dismiss. Franklin's contention has merit. In Gore the plaintiff was mistakenly arrested under a warrant for presenting a worthless check drawn on insufficient funds. This court determined that the City could not be liable under the doctrine of respondeat superior for the alleged negligence of the magistrate in issuing an arrest warrant, where the magistrate was protected by judicial immunity while engaging in a judicial function of issuing warrants.
This court recognizes that some confusion may exist because of some language contained in Brooks v. City of Birmingham, 584 So.2d 451 (Ala.1991). Specifically in Brooks this court stated:
"In Boyette v. City of Mobile, 442 So.2d 61 (Ala.1983), we held that, pursuant to § 11-47-190, a municipality has immunity from actions alleging unlawful arrest and false imprisonment based on negligence on the part of city employees while acting within the scope of their employment. Id. Thus, an individual may not maintain an action for unlawful arrest and false imprisonment against a municipality based upon the alleged negligence of city employees acting within the scope of their employment. Id.

"We have also held that a municipality cannot be held liable under § 11-47-190 for malicious prosecution because of the conduct of its police officers or employees or members of its legal department in a wrongful arrest and prosecution undertaken in their official capacity, because a corporate entity, a municipality, cannot entertain a malicious intent. Neighbors v. City of Birmingham, 384 So.2d 113 (Ala.1980). See, also, Gore v. City of Hoover, 559 So.2d 163 (Ala.1990); Boyette v. City of Mobile, supra; Bahakel v. City of Birmingham, 427 So.2d 143 (Ala.1983); and McCarter v. City of Florence, 216 Ala. 72, 112 So. 335 (1927). Section 11-47-190 provides for an action against a municipality for the `neglect, carelessness or unskillfulness' of its agents, not for their intentional torts. Gore v. City of Hoover, supra. Thus, based on this rationale, the summary judgment *851 on the false imprisonment and malicious prosecution claims was proper.
"As to the false arrest claim, we acknowledge that the above-stated rationale does not strictly apply to an action for false arrest that is premised upon a negligence claim. Id. However, under the facts of the instant case, an action does not lie for false arrest...."
584 So.2d at 453-54 (emphasis added).[1]
Brooks suggests that a cause of action against a municipality for false arrest predicated on negligence is proper, even though Brooks was not decided on this issue. The Brooks Court held that because there was probable cause for the arrest, there was no "neglect, carelessness or unskillfulness."
Likewise, as noted above, Gore is distinguishable. This Court held in Gore that under principles of vicarious responsibility, where the employee (the magistrate) had immunity, the municipality likewise had immunity. While this court in Gore did not address circumstances where the employee may not have immunity, the majority in Gore specifically recognized that the holding of Neighbors may have been extended, without this Court's explicitly saying so, to provide municipalities immunity from actions premised on neglect, carelessness, or unskillfulness, by Bahakel v. City of Birmingham, 427 So.2d 143 (Ala.1983). The majority in Gore stated:
"Bahakel v. City of Birmingham, 427 So.2d 143 (Ala.1983), involved a very similar action for unlawful arrest against a municipality, a municipal magistrate, and the affiant who procured the plaintiff's arrest warrant (the claim against the affiant was not at issue on the appeal). The lead opinion began, `This appeal involves an action for an unlawful arrest,' 427 So.2d at 144, but then disposed of the claim against the city with the following rationale:
"`Whether plaintiff can maintain a negligence-based action for an unlawful arrest and thereby circumvent the principle that a municipality is not liable for false arrests or malicious prosecutions is a question we need not answer. Plaintiff's argument, in effect, asserts a claim for recovery under a theory that can only be called "negligent prosecution." That theory does not present a cognizable tort claim.'
". . . .
". . . .
"The rationale of Neighbors appears to have been that an action will not lie against a municipality for malicious prosecution because such an action requires proof of malice, and § 11-47-90 provides for an action against a municipality for the `neglect, carelessness, or unskillfulness' of its agents, not for their intentional torts: `To construe that language to include an action for malicious prosecution would be to expand the words beyond their normal meaning. This we decline to do.' 384 So.2d at 114.
"That rationale does not strictly apply to an action for false arrest, at least not one premised on negligence. Thus, Bahakel v. City of Birmingham may have extended the holding of Neighbors without doing so explicitly. Nevertheless, an action for false arrest does not lie under the facts of this case...."
559 So.2d at 164-65 (emphasis added).
In order to resolve this conflict, it is necessary to examine the language in Neighbors and its discussion of Jackson v. City of Florence.
"The issue of a city's liability for malicious prosecution was discussed and settled in the 1927 case of McCarter v. City of Florence, 216 Ala. 72, 112 So. 335, which held that a municipality is not responsible for the acts of its officers, agents, or servants in making false arrests or for instituting a malicious prosecution....
". . . .
"Appellant insists that McCarter v. City of Florence, supra, was overruled by this Court's decision in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), a decision which he contends absolutely abolished governmental immunity in Alabama. *852 We do not agree. Jackson abolished the judicial doctrine of municipal immunity, but recognized `... the authority of the legislature to enter the entire field, and further [recognized] its superior position to provide with proper legislation any limitations or protections it deems necessary....' 294 Ala. 592, at 600, 320 So.2d 68, at 75.
"In so holding, Jackson gave effect to former Tit. 37, § 502 [1940 Code of Alabama], now Code 1975, § 11-47-190, a legislative effort to impose liability on municipalities for the negligence of their employees, which had been thwarted by the interpretation placed on it by the courts....
"... Section 11-47-190 remains the pertinent legislative enactment. It limits the liability of municipalities to injuries suffered through `neglect, carelessness or unskillfulness.' To construe that language to include an action for malicious prosecution would be to expand the words beyond their normal meaning. This we decline to do."
Neighbors, 384 So.2d at 113-14.
This court therefore affirms the holding of Neighbors v. City of Birmingham, 384 So.2d 113 (Ala.1980)that a municipality is immune from a malicious prosecution claim but rejects an extension of Neighbors to provide immunity to claims of false arrest and imprisonment brought under Ala.Code 1975, § 11-47-190. Any language to the contrary contained in Bahakel v. City of Birmingham, 427 So.2d 143 (Ala.1983); Boyette v. City of Mobile, 442 So.2d 61 (Ala.1983); Gore v. City of Hoover, 559 So.2d 163 (Ala.1990); and Brooks v. City of Birmingham, 584 So.2d 451 (Ala.1991), is overruled. In reaching this result, we are not altering or modifying any existing cause of action. We merely state that where a plaintiff alleges a factual pattern that demonstrates "neglect, carelessness, or unskillfulness" the plaintiff has stated a cause of action under Ala.Code 1975, § 11-47-190. Whether the plaintiff's allegations state a cause of action and whether the plaintiff has presented substantial evidence creating a genuine issue of material fact can be evaluated by the trial court upon proper motion. Therefore, we conclude that the trial court properly dismissed the malicious prosecution claim against the city; however, the Rule 12(b)(6) dismissal of the claims alleging false arrest and false imprisonment is reversed.
Franklin also contends that the trial court erred in entering summary judgment for the city on count III, alleging assault and battery. This Court, in City of Birmingham v. Thompson, 404 So.2d 589, 592 (Ala.1981), said:
"This case was submitted to the jury on the theory that an agent of the City of Birmingham had used `excessive force' upon the plaintiff.... That is the equivalent of asserting an assault and battery not measured or patterned for the circumstances, or an unskilled response.... In either case a lack of response measured by the circumstances could have been due to his `unskillfulness' as an officer confronted by either of those circumstances. As `unskillful' is used in § 11-47-190, it means `lacking in skill or proficiency.' [Citations omitted.] An assault and battery committed under either circumstance, because `unskilled,' would be a negligent assault and battery because it would fall below that response which a skilled or proficient officer would exercise in similar circumstances."
Therefore, the motion for summary judgment should have been granted only if Franklin presented no substantial evidence to create a genuine issue of material fact as to whether probable cause existed to make a lawful arrest or as to whether the force used was excessive. Ala.Code 1975, § 15-10-3(a)(1), provides in pertinent part that an officer may arrest a person, without a warrant, for "[a]ny public offense committed or breach of the peace threatened in his presence." In making the arrest, a police officer may use reasonable force and may be held liable only if more force is used than is necessary to effectuate the arrest. See Ala. Code 1975, § 13A-3-27; and Livingston v. Browder, 51 Ala.App. 366, 285 So.2d 923 (1973). However before any force can be used in making an arrest, probable cause must exist to make a lawful arrest.
*853 There are disputed facts as to whether Franklin's conduct constituted probable cause for him to be arrested for disorderly conduct. Officer Citrano testified that Franklin cursed him and was speaking in a loud voice and was attracting the attention of the other spectators in the stands. Franklin denies cursing the officer or otherwise acting in a manner constituting disorderly conduct. This unresolved dispute presents a jury question. The summary judgment for the city on the assault and battery claim was therefore improper.
It is undisputed that Franklin did not comply with the officer's request to go into the bleachers. By Franklin's own account he was asked three to four times (C.R. II-26) to go into the bleachers. However, the evidence is in conflict as to whether Franklin was in an area that was restricted and subject to a lawful order to move. Franklin testified that for previous games this area had been chained off, but that it was not restricted when he arrived. The burden of establishing that Franklin was in an area in which he was subject to a lawful order to move was on the city. Therefore, there is a disputed issue of fact as to whether Franklin was standing in a restricted area and therefore was subject to a lawful order to move.

The Claims Against Officer Citrano
Citrano argues that he cannot be held liable for false imprisonment or malicious prosecution, because, he says, he had probable cause to arrest Franklin for disorderly conduct. Because we have concluded that disputed issues of fact exist relating to probable cause to arrest for disorderly conduct and failure to obey the police officer's order to move into the bleachers, the summary judgment entered in favor of Officer Citrano is due to be reversed.
The judgment of dismissal in favor of the City of Huntsville on the claim of malicious prosecution is affirmed; the dismissal of the claims of false arrest and false imprisonment against the city is reversed. The summary judgment in favor of the City of Huntsville on the assault and battery claim is reversed. The summary judgment in favor of Officer Citrano is reversed as to all claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, HOUSTON, INGRAM, and BUTTS, JJ., concur.
MADDOX, J., dissents.

On Application for Rehearing
COOK, Justice.
APPLICATION OVERRULED. OPINION MODIFIED.
SHORES, HOUSTON, INGRAM, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.
HOOPER, Chief Justice (dissenting).
I would grant the application for rehearing. I was not a member of this Court when it first considered this case. I consider this an important case because law enforcement personnel must be able to give orders to the public in regard to matters affecting public safety and to expect prompt compliance with their orders. A police officer's duty is to maintain peace and tranquility. An officer cannot do this if he or she lacks the authority to instruct members of the public. An officer should not fear being haled into court to defend his or her actions related to an arrest based on someone's not complying with the officer's instructions. That is the purpose of immunity.
The facts indicate that Franklin arrived at the Milton Frank Stadium in Huntsville on the night of a high school football game, only 15 minutes before the kickoff. After entering the stadium, he stood in front of the bleachers, near the south gate. Officer Citrano directed Franklin to "Get in the bleachers." Franklin did not comply; he gave no explanation for his failure to comply, except that he was waiting for his girlfriend.
It is undisputed that Franklin did not comply with Officer Citrano's request. Franklin testified that Officer Citrano asked him three or four times to move. The only conflict in the evidence is whether Franklin knew initially that he was in a restricted area. This state of mind on Franklin's part is irrelevant. *854 It is clear that after the officer's orders he knew that an officer of the peace had directed him to get into the bleachers. Officer Citrano's instruction was given not only for the safety of others, but also for the safety of Franklin himself. In today's world of gang violence and other random violence, a public place can sometimes be very dangerous. Recent events show that a high school sporting event in Alabama can be particularly dangerous. Police officers must be allowed to use their authority to protect the public from danger.
The majority opinion states that "disputed issues of fact exist relating to probable cause to arrest for disorderly conduct and failure to obey the police officer's order to move into the bleachers." 670 So.2d at 853. I disagree. If the police officer had ordered Franklin to pick up trash in the bleachers, I would understand Franklin's hesitation to obey the officer's repeated orders. That was not the case here. The officer ordered Franklin several times to move from a restricted areaa fact that is without dispute. As the Alabama Court of Criminal Appeals has stated: "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." C.M.B. v. State, 594 So.2d 695, 698 (Ala.Cr.App.1991), quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969). Did Officer Citrano act "in good faith on the appearance of things"? Lynch v. Green Tree Acceptance, Inc., 575 So.2d 1068, 1070 (Ala.1991), quoting Eidson v. Olin Corp., 527 So.2d 1283, 1285 (Ala.1988). Viewing the evidence in the light most favorable to Franklin, I think it clear that Officer Citrano acted upon what he perceived to be a threatened breach of the peace. See Ala. Code 1975, § 15-10-3(a)(1).
"Malicious prosecution actions are not favored." Skinner v. Etheridge, 564 So.2d 902, 903 (Ala.1990). One reason for not favoring them is that a police officer should be able to act without fear of being sued when he or she is acting to protect the public peace, and thereby to protect the officer's own life as well as the lives of others.
There was probable cause to arrest Franklin. If, before the first order, he did not know what to do, he should have been completely aware after the first, second, and third orders to move to the bleachers. The law as enacted by the legislature is clear:
"(a) Any officer may arrest any person without a warrant, on any day and at any time for:
"(1) Any public offense committed or breach of the peace threatened in his presence;...."
Ala.Code 1975, § 15-10-3.
There is no dispute that after Officer Citrano had repeatedly instructed him to sit in the bleachers, Franklin knew he was in a restricted area and that he was not complying with a lawful instruction from a police officer. Therefore, I would grant the City's application for rehearing. I think the Court should withdraw its opinion reversing the judgment and enter an opinion affirming the summary judgment in favor of the City of Huntsville.
MADDOX, Justice (dissenting).
Having dissented on original deliverance, I obviously would grant rehearing. Although I did not write on original deliverance, I concur in Chief Justice Hooper's dissenting opinion on application for rehearing.
NOTES
[1] This court held that the officers had had probable cause to arrest Brooks and that there was no evidence of "neglect, carelessness or unskillfulness."