Abigail **HAWKINS; et al., Plaintiff,**

v.

The **CITY OF GREENVILLE; et al., Defendants.**

No. Civ.A. 00–A–327–N.

United States District Court, M.D. Alabama, Northern Division.

June 20, 2000.

---

1358

A. Wesley Pitters, A. Wesley Pitters, P.C., Montgomery, AL, for Abigail Hawkins, plaintiff.

William R. Chandler, Bart Gregory Harmon, Webb & Eley, P.C., Montgomery, AL, for Jason S. Burrage, defendant.

Thomas R. Fields, III, Hayneville, AL, for Earl Marsh, Jr., defendant.

MEMORANDUM OPINION
AND ORDER

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This cause is before the court on a Motion to Dismiss (Doc. # 8) filed by Defendants John Bottoms and Jason Burrage on April 25, 2000, and on a Motion to Dismiss (Doc. # 9) filed by Defendants the City of Greenville and Greenville Police Department on April 25, 2000.

The Plaintiffs, Abigail Hawkins, Mary Hawkins, Laurie Hawkins, and Mary Ann Hawkins, originally filed their Complaint in this case on March 16, 2000. The Plaintiffs bring claims for violation of the Fourth and Fourteenth Amendments to the United States Constitution, and state law claims for malicious prosecution, false imprisonment, assault and battery, intentional infliction of emotional distress, wantonness, outrage, and municipal tort liability.

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED in part and DENIED in part.

## II. *MOTION TO DISMISS STANDARD*

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v.*

*Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

## III. *FACTS*

The allegations of the Plaintiffs' Complaint are as follows:

On or about February 9, 1999, at approximately 2:45 a.m., Defendants Jason Burrage ("Burrage") and John Bottoms ("Bottoms"), who were police officers for the City of Greenville, came to the Plaintiffs' home. The Plaintiffs are Mary Hawkins, and her three daughters Mary Ann Hawkins, Laurie Hawkins, and Abigail Hawkins (collectively "the Plaintiffs"). The Plaintiffs allege that they were asleep in the house when the officers arrived.

According to the Plaintiffs, the officers knocked at the outer door to the Plaintiffs' house while the Plaintiffs were sleeping. The Plaintiffs state that they opened the inner door to inquire who was outside. The Plaintiffs allege that the officers did not have a warrant or consent to come into the house. According to the Plaintiffs, the officers broke the screen door and forcibly entered the house. The Plaintiffs allege that upon breaking into the house, Burrage and Bottoms severely beat the Plaintiffs and sprayed them with chemical mace and/or pepper spray. According to the Plaintiffs, Burrage and Bottoms arrested Mary Hawkins and Abigail Hawkins on charges of "resisting arrest, second degree assault, obstruction of government operation and loud and excessive." Complaint at ¶ 23.

When Mary Hawkins and Abigail Hawkins were tried in state court on the felony charges of assault in the second degree, they filed motions for judgment of acquittal which were subsequently granted by the state court judge.

## IV. *DISCUSSION*

Although two separate motions have been filed, the two motions rely largely on the same bases for dismissal. As will be discussed below, some of these grounds

**1360**

are not disputed by the Plaintiffs. The court will address all of the grounds for dismissal as they pertain to each Defendant.

### A. Claims Against Burrage and Bottoms

#### 1. Federal Claims

Burrage and Bottoms contend, and the Plaintiffs concede, that the Plaintiffs' claims arise under the Fourth Amendment to the United States Constitution, not the Fourteenth Amendment. *See* Plaintiffs' Response, page 2; *see also Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."). Accordingly, the Motion to Dismiss is due to be GRANTED as to the Plaintiffs' § 1983 claims for violation of the Fourteenth Amendment.

■ Burrage and Bottoms also argue that the Plaintiffs' federal claims are barred by the rule applied in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Burrage and Bottoms argue that although an assault in the second degree charge against two Plaintiffs was dismissed upon motion for acquittal, criminal charges remain pending.

■ In *Heck*, the Supreme Court held that a defendant bringing a § 1983 claim for damages which will render a conviction or sentence invalid must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. Until such a showing is made, the federal claims are not ripe. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995).

In response to the Defendants' argument, the Plaintiffs first point out that two of the Plaintiffs who are bringing § 1983 claims were not arrested or prosecuted; therefore, *Heck* does not apply to those claims. This court agrees that *Heck* would not bar any claims against Plaintiffs who were not arrested.[1]

■ The Plaintiffs also argue that none of the Plaintiffs had been convicted of any criminal conduct and, therefore, that *Heck* is distinguishable. The Plaintiffs' interpretation of *Heck*, however, has not been adopted by the Eleventh Circuit. In *Uboh v. Reno*, 141 F.3d 1000, 1006 (11th Cir. 1998), the court stated that a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt and this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck* prohibits." *See also Harvey v. Waldron*, 210 F.3d 1008 (9th Cir.2000) (stating that the Eleventh Circuit is one of the circuits which has found that *Heck* applies to potential and not just actual convictions). Therefore, *Heck* can apply in this case to the extent that there are some criminal charges pending.

■ The Plaintiffs also point out that the felony charges were dismissed and the remaining charges are for misdemeanors. The Plaintiffs state that the state court's ruling that the felony charges had to be dismissed is res judicata as to the misdemeanor offenses. The court agrees with the Defendants that the preclusive effect of one criminal case on the pending criminal charges in state court is not a matter for this court to decide. There still remains, however, the question of the effect of pending charges on the civil case in this court.

---

1. Of course, no § 1983 claims based on a theory of malicious prosecution or claims under state law for malicious prosecution or false imprisonment can be stated by those Plaintiffs either.

The situation presented in this case is one in which the Plaintiffs have brought claims for violation of their constitutional rights and for violation of state law based, in part, on the dismissal of felony charges against two of the Plaintiffs, while some misdemeanor charges are still pending. Another district court in this circuit has addressed the question of whether a § 1983 action for malicious prosecution can be maintained based on criminal charges which terminated in the defendant's favor if the prosecution ultimately resulted in a conviction on lesser-included offenses. *See St. Germain v. Isenhower*, 98 F.Supp.2d 1366, 1370 (S.D.Fla. 2000). That court looked to the Eleventh Circuit's decision in *Uboh* in which the court stated, applying *Heck*, that a dismissal of drug charges constituted a favorable termination as to those charges even though the defendant was convicted of accompanying charges of credit card fraud, noting that each of the offenses contains entirely different elements. *Id.* (citing *Uboh*, 141 F.3d at 1005). Of course, in *Uboh*, the Eleventh Circuit stated that its consideration of particular factors was not intended to convey any determination as to whether dismissal of charges that do arise out of the same set of circumstances as the charges for which a defendant was convicted might constitute a termination in favor of the accused. *Id.* at 1005.

As the Eleventh Circuit noted in *Uboh*, the Second Circuit has concluded that where a plaintiff in a malicious prosecution action was convicted on some charges and acquitted on others, the acquittal constituted a favorable termination. *See Uboh*, 141 F.3d at 1005 (citing *Janetka v. Dabe*, 892 F.2d 187, 190 (2nd Cir.1989)). In *Janetka*, the court reasoned that where the plaintiff had been charged with two distinct defenses, in that case a disorderly conduct charge involving actions directed at an unidentified man, and a resisting arrest charge directed at the officers' attempts to arrest the plaintiff, the elements of the charges were different and neither charge was a lesser included offense of the other. *Janetka v. Dabe*, 892 F.2d 187, 190 (2nd Cir.1989). The court concluded, therefore, that the Plaintiffs would be allowed to proceed on their malicious prosecution claims based on the plaintiff's acquittal on the resisting arrest charge. *Id.*

In the Reply briefs in this case, the Defendants argue that there are pending charges on the criminal dockets in state court against Mary Hawkins and against Abigail Hawkins. The Defendants have provided evidence [2] in the form of copies of the docket sheets to indicate that there is a pending resisting arrest charge against Abigail Hawkins and a pending noise ordinance violation charge against Mary Hawkins.[3] Under the *Janetka* reasoning, to which the Eleventh Circuit has cited favorably, the noise ordinance charges would not implicate *Heck* if the challenge is to the officer's actions in using force to arrest Mary Hawkins and the noise ordinance charge involved conduct separate from the resistance to arrest. It appears from the Plaintiffs' submissions that the noise ordinance charge concerned music coming from the Plaintiffs' residence, while the alleged assault occurred once the officers attempted to give the Plaintiffs a citation for the noise ordinance violation. *See* Plaintiffs' Exhibit. Accordingly, this court concludes at this stage in the proceedings that, although the noise ordinance charge may still be pending, under the evidence currently before the court, that pending charge does not implicate *Heck* because the federal claims being asserted are

---

**2.** This court has considered evidence on this jurisdictional question. *See Williams v. Hill*, 878 F.Supp. 269 (D.D.C.1995) (dismissal of suit under *Heck* is a dismissal for lack of subject matter jurisdiction under 12(b)(1)), *aff'd*, 74 f.3d 1339 (D.C.Cir.1996); *see also SK Finance SA v. La Plata County, Board of* *County Commissioners*, 126 F.3d 1272 (10th Cir.1997) (ripeness is a question of subject matter jurisdiction under 12(b)(1)).

**3.** The Defendants have not provided evidence that such a charge is pending against Mary Hawkins.

based on the dismissal of the assault in the second degree charges.

It is possible that the resisting arrest charge which the Defendants contend is still pending against Abigail Hawkins falls within the reasoning of *Janetka* and *St. Germain* and will, therefore, cause this court to determine that Abigail Hawkins' federal claims are not ripe under *Heck*. At this stage in the proceedings, however, the court cannot conclude from the evidence which has been presented what the nature of the pending charge or charges against Abigail Hawkins is. The court finds, therefore, that the Motion to Dismiss is due to be denied on this theory at this time, but the court will revisit this issue if it is properly raised again at a later stage of the proceedings.

Finally, Burrage and Burrows argue that they are either entitled to qualified immunity or that they are entitled to a more definite statement of the claims against them. The court agrees that these Defendants are at least entitled to a more definite statement of the claims against them. While the Plaintiffs have certainly alleged that Burrage and Burrows entered their home without a warrant or other legal authority, the thrust of their Complaint appears to be that the Plaintiffs were "severely beaten," and that chemical mace was used on them. The circumstances under which force was used is not detailed in the complaint. Therefore, the court is unable to determine whether a reasonable officer should have known that the force used was unreasonable. Accordingly, the § 1983 claims against Bottoms and Burrage will be dismissed without prejudice and the Plaintiffs will be given until June 28, 3000 to file a more definite statement of their § 1983 claims against Bottoms and Burrage, in the form of an Amended Complaint.

### 2. State Law Claims

Burrage and Bottoms also assert several grounds for the dismissal of the state law claims against them, each of which the court will address in turn.

Burrage and Bottoms move for dismissal of the malicious prosecution and false imprisonment claims on the grounds that the existence of an indictment establishes that there was probable cause. A grand jury indictment is prima facie evidence of probable cause, which can be overcome by showing that it was induced by misconduct. *Riley v. City of Montgomery*, 104 F.3d 1247, 1254 (11th Cir.1997) (citing *Lumpkin v. Cofield*, 536 So.2d 62, 64 (Ala.1988)). A grand jury indictment "is not within itself a full defense to an action for malicious prosecution. The finding and return of an indictment must not be induced by fraud, subornation, suppression of testimony, or other like misconduct of the party seeking the indictment." *National Security Fire & Casualty Co. v. Bowen*, 447 So.2d 133, 140 (Ala.1983). One method by which the presumption created by an indictment is rebutted is through a showing that false evidence was given in seeking the indictment. *See id.* Accordingly, this court cannot conclude at this stage of the proceedings, based solely on the fact that there were indictments in this case, that there is no set of facts that could be proven in support of the claims in the complaint that would entitle the Plaintiffs to relief.

Burrage and Bottoms also argue that they are entitled to discretionary function immunity. As this court pointed out in *Hardy v. Town of Hayneville*, 50 F.Supp.2d 1176 (M.D.Ala.1999), Alabama courts have determined that it is rare that a case involving discretionary function immunity will be disposed of on a motion to dismiss. Discretionary function immunity under Alabama Code § 6–5–338 extends discretionary function immunity to municipal police officers unless the officer's conduct is so egregious so as to amount to willful or malicious conduct or conduct engaged in in bad faith. *See Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala.1998). The Plaintiffs have alleged that Burrage and Bottoms acted maliciously and in bad faith. Complaint ¶ 25. Burrage and Bot-

toms contend that the transcript from the state court criminal proceedings shows that Judge McFerrin of the Circuit Court of Butler County, Alabama "conceded" that Burrage and Bottoms acted in good faith. Defendants' Brief at page 9. Without deciding whether this argument could be a proper ground for dismissal, this court finds that the Motion to Dismiss is due to be DENIED on this ground because the court has not considered any evidence on non-jurisdictional questions at this stage in the case. If the Defendants wish to argue that the criminal case has a preclusive effect in this case, they will have to present appropriate evidence and argument at a later stage of the proceedings.

■ To the extent that Bottoms and Burrage contend they are covered by a common law good faith immunity, rather than statutory discretionary function immunity, assuming for purposes of this motion without deciding that such an immunity could apply,[4] that immunity also has an exception for actions taken in bad faith. *See Roden v. Wright,* 646 So.2d 605, 610–11 (Ala.1994) (defendant entitled to immunity where there was no showing of bad faith). Accordingly, the court concludes that the Motion to Dismiss must be denied as to the grounds of discretionary function immunity and common law immunity. Such denial is, however, without prejudice to Burrage and Bottoms raising this defense at a later stage of the proceedings, after there has been time for factual development.

■ Burrage and Bottoms also state that Alabama Code § 13A–3–27 provides them with immunity for force used during the course of an arrest. While this code provision does allow for the use of force during an arrest, Alabama cases have pointed out that an officer may be held liable if more force is used than is necessary, and that before any force can be used in making an arrest, probable cause must exist to make a lawful arrest. *See*

*Franklin v. City of Huntsville,* 670 So.2d 848, 852 (Ala.1995). Therefore, the court cannot conclude at this point in the proceedings, without further factual development, that the claims are due to be dismissed on this basis.

■ Finally, Burrage and Bottoms state that the outrage and intentional infliction of emotional distress claims are redundant, and that they should be dismissed because the conduct at issue does not rise to the level of outrageous conduct. The court agrees that the claims for outrage and for intentional infliction of emotional distress are the same claim. *Moore v. Beneficial National Bank USA,* 876 F.Supp. 1247, 1261 n. 5 (M.D.Ala.1995). The court does not agree, however, that the claim for outrage is due to be dismissed at this stage in the proceedings. The court cannot conclude without some factual development, or without citation to a case precluding the Plaintiffs from proceeding on this claim, that Plaintiffs can prove no set of facts in support of the claims in the complaint that would entitle them to relief.

**B. Claims Against the City of Greenville and the Greenville Police Department**

**1. Federal Claims**

The first ground for dismissal raised specifically by the Greenville Police Department is that the police department is not a proper party or suable entity. The Plaintiffs do not dispute this contention, and in fact state that they have no objection to the dismissal of the police department since the City of Greenville is the proper party. Plaintiffs' Response, page 2. Accordingly, the Motion to Dismiss is due to be GRANTED as to the City of Greenville Police Department.

The City of Greenville also moves for dismissal of the claims against it. The City of Greenville states, and as noted above, the Plaintiffs concede that their

---

4. *See Ex parte Cranman,* 2000 WL 772850, No. 1971903, —— So.2d —— (Ala. June 16, 2000).

claims are governed by the Fourth Amendment to the United States Constitution, not the Fourteenth Amendment. Plaintiffs' Response, page 2. Accordingly, the Motion to Dismiss is due to be GRANTED as to the Fourteenth Amendment claims.

The final basis for dismissal which the Plaintiffs concede as to the federal claims against the City of Greenville is that a city cannot be held liable for punitive damages. The Plaintiffs concede this point and state that they do not seek punitive damages on their federal claims. Accordingly, any claims for punitive damages which may have been stated in the Complaint under the federal claims are due to be dismissed.

Finally, the City of Greenville also raises the argument that the claims in this case are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As discussed above, however, the court cannot determine whether the Plaintiffs' § 1983 claims are ripe under *Heck* without being presented more evidence as to the nature of the misdemeanor charge or charges still pending against two of the Plaintiffs. Accordingly, the Motion to Dismiss is due to be DENIED as to this ground for dismissal. This denial is, however, without prejudice to this defense being raised again at a later stage of the proceedings.

### 2. State Law Claims

The Greenville Police Department has argued, and the Plaintiffs have conceded, that the Police Department is not a suable entity. Accordingly, the Motion to Dismiss the Greenville Police Department is also due to be GRANTED as to the state law claims.

■ The City of Greenville also argues that the claims for malicious prosecution cannot be brought against it. Under Alabama law, a municipality cannot be held liable for malicious prosecution because a municipality is incapable of malice. *Franklin v. City of Huntsville*, 670 So.2d 848, 852 (Ala.1995). Accordingly, the Motion to Dismiss is due to be GRANTED as to this claim.

The City of Greenville has also raised discretionary function immunity. The Alabama Court of Civil Appeals stated, "[T]he plain language of Ala.Code 1975 § 6–5–338(b), clearly extends discretionary-function immunity to the City of Montgomery, [the individual police officers'] employer." *Montgomery v. City of Montgomery*, 732 So.2d 305, 312 (Ala.Civ.App.1999); *see also Hardy v. Town of Hayneville*, 50 F.Supp.2d 1176 (M.D.Ala.1999). As stated above, however, the court cannot conclude, at this stage in the proceedings, that the individual Defendants, Burrage and Bottoms, are entitled to discretionary function immunity. Accordingly, the court concludes that the Motion to Dismiss is also due to be denied as to the City of Greenville on the basis of discretionary function immunity. Such denial is without prejudice to the re-assertion of the defense of discretionary function immunity at a later stage of the proceedings, after there has been time for factual development of the claims.

■ The City of Greenville also argues that all claims against it are barred by Alabama Code § 11–47–190. Alabama Code § 11–47–190 states in relevant part

No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty....

Under this statute, where a plaintiff alleges a factual pattern that demonstrates neglect, carelessness, or unskillfulness of an agent of the city, the plaintiff has stated a cause of action against a municipality. *See Franklin v. City of Huntsville*, 670 So.2d 848 (Ala.1995).

In this case, the Plaintiffs have specifically pled in the Complaint that Burrage's and Bottoms' conduct in effectuating the unlawful arrest resulted from neglect, carelessness and/or unskillfulness by the

officers as employees of the City of Greenville. Plaintiffs' Complaint at ¶ 59. Some of the claims brought in the Complaint, however, are claims which are necessarily based on intentional conduct. This court must, therefore, determine to which claims the allegation of "neglect, carelessness and/or unskillfulness" may apply.

The court has already determined, as stated above, that because a claim for malicious prosecution may not lie against a municipality, the claim for malicious prosecution is due to be dismissed as against the City of Greenville, regardless of the application § 11–47–190. The Plaintiffs have also brought a claim for false imprisonment. In *Franklin v. City of Huntsville*, 670 So.2d 848 (Ala.1995), the court held that claims for false arrest and false imprisonment may be brought against municipalities as long as the plaintiff alleges a fact pattern that demonstrates neglect, carelessness, or unskillfulness. *Id.* at 851. Accordingly, the Motion to Dismiss the false imprisonment claim is due to be denied at this stage of the proceedings. Similarly, the motion to dismiss is due to be denied as to the claim for assault and battery because the Supreme Court of Alabama has determined that an assault and battery can occur because of unskillfulness. *See City of Birmingham v. Thompson*, 404 So.2d 589, 592 (Ala.1981). The Motion to Dismiss is, however, due to be granted as to the claim for wantonness, and the duplicative claims of intentional infliction of emotional distress and outrage. *See Bozeman v. Central Bank of the South*, 646 So.2d 601, 603 (Ala.1994) (per curiam) (defining wantonness a the conscious doing of any act or the omission of a duty, while knowing the existing conditions and knowing that by acting or failing to act, injury will likely or probably result); *see also Hardy v. Town of Hayneville*, 50 F.Supp.2d 1176, 1191 (M.D.Ala.1999) (granting motion to dismiss as to intentional infliction of emotional distress and wantonness claims against municipality).

The court notes that in denying the Motion to Dismiss on the grounds of discretionary function immunity and immunity of the City under Alabama Code § 11–47–190, the court has relied on conflicting allegations by the Plaintiffs that the officers acted maliciously and negligently. Although the Defendants have contended that the Plaintiffs have not alleged that actions were negligently done in this case, the Plaintiffs have alleged that Burrage's and Bottoms' actions resulted from neglect, carelessness, and/or unskillfulness. Plaintiffs Complaint at ¶ 59. At this point in the proceedings, therefore, the court does not find it appropriate to dismiss based on either one of these alternative theories, since facts may ultimately be developed to support either theory. Accordingly, the court has denied the Motions to Dismiss on these grounds, but will revisit these issues if these defenses are again properly raised after factual development at a later stage in the proceedings.

## V. *CONCLUSION*

For the reasons discussed, the court finds that the Motions to Dismiss are due to be GRANTED in part and DENIED in part. A separate Order will be entered in accordance with this Memorandum Opinion.